Alex Asil Mashiri, Esq. (SBN 283798)
Alexmashiri@yahoo.com
**MASHIRI LAW FIRM**
A Professional Corporation
11251 Rancho Carmel Drive #500694
San Diego, CA 92150
Phone: (858) 348-4938
Fax: (858) 348-4939

Attorney for Plaintiff:
GRANT GARSKE

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANT GARSKE<br><br>Plaintiff,<br><br>vs.<br><br>SANTANDER CONSUMER USA, INC.; and DOES 1 through 20<br><br>Defendants | Case No. **'16CV2373 LAB MDD**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**[DEMAND FOR JURY TRIAL]** |

Plaintiff GRANT GARSKE alleges as follows:

## I.
## INTRODUCTION

1.  Plaintiff, GRANT GARSKE (hereinafter referred to as "Plaintiff"), brings this lawsuit against SANTANDER CONSUMER USA, INC. ("Defendant") and DOES 1 through 20 (collectively referred to as "Defendants") for (1) violations of the Telephone Consumer Protection Act ("TCPA"), and (2) invasion of privacy by intrusion upon seclusion.

## II.
## PARTIES

2. Plaintiff is, and at all times mentioned herein was, an individual, residing in the County of San Diego, State of California.

3. Plaintiff is a "person" as the term is defined under the TCPA.

4. Plaintiff is informed and believes that Defendant is and at all times mentioned herein was a corporation, who was conducting and engaging in business in the County of San Diego, California.

5. Plaintiff is ignorant of the true names and capacities of those Defendants sued herein as DOES 1 through 20, and therefore sues those Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when such names and responsibilities are ascertained. Plaintiff is informed and believes and on that basis alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged in this complaint, and that Plaintiff's claims alleged in this complaint were proximately caused by such Defendants.

6. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned each of the Defendant was the agent, servant, employee, or partner of each of the remaining defendants and, in committing the acts and omissions hereinafter alleged, was acting within the course and scope of such agency, employment, partnership, or other business relationship, and were each responsible for the acts and omissions alleged in this complaint.

## III.
## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012). This court also has jurisdiction under 28 U.S.C. section 1331 and 28 U.S.C. section 1367 for supplemental state claims.

8. This action arises out of Defendants' violations of the TCPA. Because Defendants do business within the State of California, county of San Diego, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. section 1391.

## IV.
## RELEVANT FACTS

10. Upon information and belief, Defendant is generally engaged in the debt collection business and conducts debt collection activities on a nationwide basis.

11. Sometime in 2012, Defendant began making collection calls to Plaintiff's cellular telephone.

12. Defendant placed calls to Plaintiff's cellular telephone at phone number ending in "0992."

13. On or about July 2, 2012, Defendant called Plaintiff's cellular telephone and Plaintiff picked up the telephone call. In the course of the telephone phone call, Plaintiff requested that Defendant ceases placing collections calls to his cellular phone.

14. Plaintiff revoked any consent, express, or implied, to receive calls from Defendant in the course of the call on or about July 2, 2012.

15. Despite Plaintiff's request for Defendant to cease calling his cellular telephone, Defendant continued to place numerous collection calls to Plaintiff's cellular telephone via an ATDS and/or with an artificial or prerecorded voice.

16. On or about July 25, 2012, Plaintiff again spoke to the Defendant. In the course of the telephone phone call, Plaintiff once again requested that Defendant ceases placing collections calls to his cellular phone.

17. Despite Plaintiff's second request for Defendant to cease calling his cellular telephone, Defendant continued to place numerous collection calls to Plaintiff's cellular telephone via an ATDS and/or artificial or prerecorded voice.

18. On or about August 20, 2014, Defendant called Plaintiff's cellular telephone and Plaintiff picked up the telephone call. In the course of the telephone phone call, Plaintiff once again requested that Defendant ceases placing collections calls to his cellular phone.

19. Despite Plaintiff's third request for Defendant to cease calling his cellular telephone, Defendant continued to place numerous collection calls to Plaintiff's cellular telephone via an ATDS and/or with an artificial or prerecorded voice. The collection calls continued up until August 2015.

20. Defendant placed calls to Plaintiff's cellular telephone using the telephone number (888) 222-4227. Defendant may have also used different numbers

when contacting Plaintiff via an ATDS.

21. Upon information and belief, each time Plaintiff picked up Defendant's telephone calls on his cellular telephone, Plaintiff would hear a prolonged silence and delay and click upon answering Defendant's telephone call.

22. Per its business practices, each of Defendant's calls were placed using an ATDS and/or with an artificial or prerecorded voice, as prohibited by 47 U.S.C. § 227(b)(1)(A).

23. Upon information and belief, the ATDS used by Defendant to call Plaintiff has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

24. Upon information and believe, Defendant placed approximately 790 telephone calls to Plaintiff's cellular phone via an ATDS and/or with an artificial or prerecorded voice after he had revoked his consent on July 2, 2012.

25. Plaintiff is informed and believes, and thereon alleges, that these telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. section 227(b)(1)(A)(i).

26. Defendant's telephone calls to Plaintiff's cellular telephone caused Plaintiff, who has previously been diagnosed with post-traumatic stress disorder, stress, annoyance, and anxiety, especially because these calls were placed on his cellular telephone.

27. By repeatedly and excessively calling his cellular telephone, after he told

Defendant not to, Defendant invaded Plaintiff's right to privacy.

## V.
## FIRST CAUSE OF ACTION
### (Negligent Violations of the TCPA against all Defendants)

28. Plaintiff re-alleges the foregoing paragraphs as if fully set forth herein.

29. The forgoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and everyone one of the above-cited provisions of 47 U.S.C. section 227 *et seq.*

30. As a result of Defendants' telephone calls, Plaintiff has suffered actual damages and harm resulting from Defendants' actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, invasion of privacy, and out-of-pocket expenses, including telephone charges, the exact amount of which is to be proven at trial.

31. As a result of Defendants' negligent violations of 47 U.S.C. section 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. section 227(b)(3)(B).

32. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## VI.
## SECOND CAUSE OF ACTION
### (Knowing and/or Willful Violations of the TCPA against all Defendants)

33. Plaintiff re-alleges the foregoing paragraphs as if fully set forth herein.

34. The forgoing acts and omissions of Defendants constitute numerous and

multiple knowing and/or willful violations of the TCPA, including but not limited to each and everyone one of the above-cited provisions of 47 U.S.C. section 227 et seq.

35. As a result of Defendants' telephone calls, Plaintiff has suffered actual damages and harm resulting from Defendants' actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, invasion of privacy, and out-of-pocket expenses, including telephone charges, the exact amount of which is to be proven at trial.

36. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. section 227 et seq., Plaintiff is entitled to an award of up to $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. section 227(b)(3)(B) and 47 U.S.C. section 227(b)(3)(C).

37. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## VII.
## THIRD CAUSE OF ACTION
**(Invasion of Privacy by Intrusion Upon Seclusion against all Defendants)**

38. Plaintiff re-alleges the foregoing paragraphs as if fully set forth herein.

39. The Restatement of Torts, Second, § 652B defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

40. California further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated California state law.

41. Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with the aforementioned ATDS and/or Robocalls.

42. The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to his existence," thus satisfying the Restatement of Torts, Second, § 652B requirement for an invasion of privacy.

43. The conduct of Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

44. As a result of Defendants' intrusions and invasions, Plaintiff has suffered actual damages and harm resulting from Defendants' actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, invasion of privacy, the exact amount of which is to be proven at trial.

45. Defendants' harassing acts were so willful, vexatious, outrageous, oppressive, and maliciously calculated enough, so as to warrant punitive damages as permitted by California law.

## VIII.
## PRAYER FOR DAMAGES AND OTHER REMEDIES

1. For actual damages;

2. For statutory damages;

3. For Punitive Damages;

4. For injunctive relief prohibiting such conduct in the future;

5. For interest according to law;

6. For costs of suit herein incurred; and

7. For other and further relief as the court may deem proper.

DATED: September 21, 2016 **MASHIRI LAW FIRM**
A Professional Corporation

By: /s/Alex Asil Mashiri
Alex Asil Mashiri
Attorney for Plaintiff,
GRANT GARSKE